# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TAYLOR REED,                                    Case No. 1:25-cv-266
     Plaintiff,                              Cole, J.
                                             Litkovitz, M.J.

     vs.

JFS-HAMILTON COUNTY PCSA, et al.,               **REPORT AND**
     Defendants                             **RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a civil complaint against defendants JFS - Hamilton County PCSA, Paul Cohen, IRS - Hamilton County, and HCJC - Hamilton County. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

### A.      Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

Plaintiff has tendered her complaint on a standard form used by pro se litigants to bring a civil action. Plaintiff checks the "Title 28 U.S.C. § 1331" and "Title 42 United States Code Section 67" boxes as the bases for federal court jurisdiction. (Doc. 1 at PAGEID 2). A handwritten "Statement of Claim" states:

> For the statement of claim is the manifestation of trouble for the mother and the children. For JFS, planned abuse and neglect on the mother. The mother has not neglected or abused the children. Moreover, HCJC, shown action of unfinished for seeing the positives of the mother with the children. Furthermore, Paul residence is unknown, and the mother is complainting (sic) for parentage allocation of parentage or parental rights and responsibility and parenting times for Ezekiel Reed. Lastly, the IRS liability has stand, yet the disputes are the enthusiasm of Alliance of Hardship. The invisible is the Treaty of Greenville that has the shorest (sic) gathering of opponents. For the Treaty: Perpetuity is bliss for the mother's live Birth Certificate is the proof of burden or evidence.

(*Id.* at PAGEID 3). As relief, plaintiff seeks "for all of the 4 children to be home with the mother" and "700,000.00 to 1 million or 1,000,000.00 in financial monetary." (*Id.*, at PAGEID 4).

3

### C.      Resolution

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

As an initial matter, plaintiff fails to state a claim for relief under "42 U.S.C. Section 67." The Court construes plaintiff's complaint as alleging a claim under Title 42 U.S.C. Chapter 67, which codifies the federal Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C. § 5101 et seq.   However, CAPTA does not create rights enforceable under 42 U.S.C. § 1983. *Tony L. ex rel. Simpson v. Childers*, 71 F.3d 1182, 1189 (6th Cir. 1995).   In addition, plaintiff does not have a private right of action under CAPTA.   *Id.* at 1190.   Therefore, plaintiff does not state a claim for relief under CAPTA.

Plaintiff's complaint also invokes the Court's federal question jurisdiction.   (Doc. 1 at PAGEID 2).   District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law.   *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).   The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

In any event, plaintiff's pro se complaint is rambling, difficult to decipher, and virtually incomprehensible.   The complaint contains insufficient factual detail from which this Court can discern any plausible claim against any of the individual defendants.   The complaint's allegations do not identify any particular actions undertaken by any specific defendant and do not identify a time frame during which the alleged events took place.   Plaintiff's allegations do

4

not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (citations omitted), nor do they provide any factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's federal rights. *Iqbal*, 556 U.S. at 678.

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/30/2025

Karen L. Litkovitz
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TAYLOR REED,                                      Case No. 1:25-cv-266
      Plaintiff,                                  Cole, J.
                                                  Litkovitz, M.J.

      vs.

JFS-HAMILTON COUNTY PCSA, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6