# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**TAYLOR REED,**

      **Plaintiff,**

      v.

**JFS – HAMITON COUNTY PCSA, et al.,**

      **Defendants.**

**Case No. 1:25-cv-266**

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

In her Report and Recommendation (R&R, Doc. 5), the Magistrate Judge recommends that the Court dismiss Taylor Reed's Complaint (Doc. 1) with prejudice for lack of subject-matter jurisdiction and for failure to state a claim. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 5) with one modification, and **DISMISSES** Reed's Complaint (Doc. 1), but **WITHOUT PREJUDICE**.

Reed, proceeding pro se and in forma pauperis (IFP), sues three entities and one individual: the Hamilton County Child Protective Services, the Internal Revenue Service (IRS), the Hamilton County Juvenile Court, and Paul Cohen. (Doc. 1, #1–2). Her allegations are difficult to parse but seem to allege the following. First, she says that Child Protective Services "planned abuse [and] neglect on the Mother," who the Court assumes is Reed. (*Id.* at #3). Next, she complains that the Juvenile Court has "shown action of unfinished [sic] for seeing the positives of the mother with the children." (*Id.*). As for the IRS, Reed claims that "the disputes are the enthusiasm of

Alliance of Hardship." (*Id.*). And finally, when it comes to Cohen, Reed seems to raise an issue concerning the allocation of parental rights over a child. (*Id.*). She concludes her statement of claims with a cryptic reference to the Treaty of Greenville. (*Id.*).

Because Reed is proceeding IFP, (Docs. 3, 4), the Magistrate Judge screened her Complaint under 28 U.S.C. § 1915(e)(2). Based on that review, the Magistrate Judge determined that Reed failed to state a claim over which the Court has subject-matter jurisdiction. (Doc. 5, #25). The Magistrate Judge first determined that Reed's claim under 42 U.S.C. § 5101 et seq.[1]—the federal Child Abuse Prevention and Treatment Act (CAPTA)—fails because CAPTA does not offer a private right of action, nor do its relevant provisions permit enforcement via 42 U.S.C. § 1983. (*Id.*). Then, noting that Reed also invoked the Court's federal question jurisdiction, (*see* Doc. 1, #2), the R&R concluded that Reed did not allege facts from which the Magistrate Judge could identify "any federal statutory or constitutional provision" that might apply to create a viable cause of action. (Doc. 5, #25). Beyond that, the R&R explained that Reed's Complaint is so lacking in detail and so difficult to decipher that the Magistrate Judge could not "discern any plausible claim" against any Defendant. (*Id.* at #25–26).

Reed had fourteen days to object to those conclusions, (*id.* at #27), but she did not. For unobjected R&Rs "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear

---

[1] The Magistrate Judge construed Reed's claim under "42 U.S.C. § 67," (Doc. 1, #2), as alleging a claim under 42 U.S.C. Chapter 67, which codifies CAPTA , 42 U.S.C. § 5101 et seq. (Doc. 5, #25). There is no 42 U.S.C. § 67.

error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Having conducted that clear error review, the Court finds that the Magistrate Judge did not err in recommending dismissal of Reed's Complaint. The R&R correctly concluded that CAPTA does not provide a private cause of action, and that its relevant provisions are not enforceable under § 1983. *Tony L. ex rel. Simpson v. Childers*, 71 F.3d 1182, 1189–90 (6th Cir. 1995). Beyond that, the Court likewise cannot discern any other viable federal cause of action. Most of Reed's allegations (to the extent the Court can decipher them) seem to relate to domestic relations—"an area that has long been regarded as a virtually exclusive province of the States." *Adoptive Couple v. Baby Girl*, 570 U.S. 637, 656 (2013) (Thomas, J., concurring) (quotation omitted). In short, the Court lacks subject-matter jurisdiction over Reed's claims. That said, Reed could perhaps assert her claims (whatever they are) in state court. The Court therefore parts ways from the R&R in one respect—it dismisses Reed's Complaint without prejudice, which is the typical remedy when a federal court lacks subject-matter jurisdiction. *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[D]ismissal for lack of subject matter jurisdiction should normally be without prejudice.").

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) with one minor modification. Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Reed's claims because the Complaint fails to state a claim over which the Court has

subject-matter jurisdiction.² 28 U.S.C. § 1915(e)(2)(B). Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Reed leave to appeal IFP. But as a non-prisoner, Reed may nonetheless apply directly to the Sixth Circuit Court of Appeals to proceed IFP in that court, should she wish. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). Finally, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

June 23, 2025
**DATE**

                                     **DOUGLAS R. COLE**
                                     **UNITED STATES DISTRICT JUDGE**

---

² While the Court dismisses the claims without prejudice, the dismissal "is preclusive of [Reed's] ability to refile in federal court." *Kelly v. Phifer*, No. 1:22-cv-399, 2022 WL 17037566, at *3 n.3 (S.D. Ohio Nov. 17, 2022).

4